UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. __1:20mj03625 Becerra__

UNITED STATES OF AMERICA

vs.

ARMANDO PERALTA HERNANDEZ,
JOROL MARTINEZ, and
LEONARDO CASTILLO ULIANA,

    **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014?  ___ Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019?  ___ Yes  _X_ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: _/s/ Ellen D'Angelo_
Ellen D'Angelo
Assistant United States Attorney
Court ID No.: A5502579
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9349
ellen.d'angelo@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ARMANDO PERALTA HERNANDEZ,<br>JOROL MARTINEZ, and<br>LEONARDO CASTILLO ULIANA,<br><br>*Defendant(s)* | Case No. 1:20mj03625 Becerra |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Beginning on an unknown date and continuing through on or about  September 7, 2020 , upon the high seas outside the jurisdiction any particular state or district, in international waters, while on board a vessel subject to the jurisdiction of the United States, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 46, United States Code, Section 70506(b) | Conspiracy to possess with intent to distribute a controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1); all in violation of 46 U.S.C. § 70506(b).<br><br>Pursuant to 46 U.S.C. § 70506(a), and 21 U.S.C. § 960(b)(1)(B), it is further alleged that this violation involved five (5) or more kilograms of a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.

_____
*Complainant's signature*

DEA TFO Marcelino Mariabello
*Printed name and title*

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by telephone this  16th day of September, 2020.

Date:  Sept. 16, 2020 

_____
*Judge's signature*

City and state:  Miami, Florida       Jacqueline Becerra, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Marcelino Mariabello, being duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am employed as a detective with the City of Sunny Isles Beach Police Department and have served in this capacity since February 2008. I am currently a Task Force Officer with the Drug Enforcement Administration ("DEA") and have served in this capacity since August 2017. As such, I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Titles 18, 21 and 46 of the United States Code. I am currently assigned to the DEA's Miami Field Division in Miami, Florida and have personally conducted and participated in numerous investigations resulting in the arrest and prosecution of various individuals for federal narcotics violations. Based on my training and experience as a Task Force Officer with the DEA, I am familiar with the manner in which narcotics traffickers and narcotics-trafficking organizations operate. I am also knowledgeable about federal criminal statutes, particularly narcotics statutes.

2. The facts set forth in this Affidavit are based on my personal knowledge as well as documents provided to me in my official capacity, information obtained from other individuals, including officers and witnesses, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information contained in this Affidavit is true and correct to the best of my knowledge and belief. Because this Affidavit is solely for the purpose of establishing probable cause, it does not contain all of the information known about this investigation.

3. This Affidavit is submitted for the limited purpose of establishing probable cause that **ARMANDO PERALTA HERNANDEZ ("PERALTA HERNANDEZ"), JOROL MARTINEZ ("MARTINEZ"),** and **LEONARDO CASTILLO ULIANA ("CASTILLO ULIANA")** did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

## PROBABLE CAUSE

4. On September 7, 2020, while on patrol in the area of the Atlantic Ocean, a maritime patrol aircraft ("MPA") detected a go-fast vessel ("GFV") operating approximately 72 nautical miles south of Santo Domingo, Dominican Republic, in international waters and upon the high seas. The Royal HMS Medway, assisted by the United States Coast Guard, was patrolling nearby and diverted to intercept the GFV.

5. The Royal HMS Medway arrived on scene and conducted a successful maritime interdiction of the GFV. The GFV was a 35 foot, panga style vessel with two 75 horse powered, outboard engines and had no indicia of nationality.

6. Law enforcement from the Royal HMS Medway completed a right of visit boarding of the GFV. There were three individuals on board, who were later identified as **PERALTA HERNANDEZ, MARTINEZ,** and **CASTILLO ULIANA,** all of whom are Colombian nationals. During the right of visit questioning, **PERALTA HERNANDEZ** was identified as the master of the vessel. **PERALTA HERNANDEZ** advised that the vessel had no nationality. Based on these statements, the GFV was treated as a vessel without nationality and, therefore,

2

subject to the jurisdiction of the United States.

7. A full law enforcement boarding was conducted, and a search of the GFV revealed bales of suspected narcotics underneath a tarp that was covering the front portion of the GFV. Law enforcement recovered a total of 16 bales, weighing approximately 400 kilograms, which field-tested positive for cocaine.

8. **PERALTA HERNANDEZ, MARTINEZ**, and **CASTILLO ULIANA** were detained and transferred to a United States Coast Guard Cutter ("USCGC"). The USCGC is scheduled to arrive with **PERALTA HERNANDEZ, MARTINEZ**, and **CASTILLO ULIANA** on board on September 17, 2020, in the Southern District of Florida.

## **CONCLUSION**

9. Based on the information provided above, I respectfully submit that probable cause exists to believe that **ARMANDO PERALTA HERNANDEZ, JOROL MARTINEZ**, and **LEONARDO CASTILLO ULIANA** did knowingly and intentionally conspire to possess with intent to distribute a controlled substance, that is, five (5) kilograms or more of cocaine, while on

[Space intentionally left blank]

board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70503(a)(1) and 70506(b).

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

_____
MARCELINO MARIABELLO
TASK FORCE OFFICER
DRUG ENFORCEMENT ADMINISTRATION

Attested to by the Affiant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone this  16  th day of September, 2020.

_____
HONORABLE JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA

4